**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| **DENNIS BURRIS, KAREN BURRIS, and** | ] | |
| **DONIECIA BURRIS,** | ] | |
| **Plaintiffs.** | ] | |
| | ] | |
| **vs.** | ] | **Cause No.: 3:20-cv-163** |
| | ] | |
| **UNKNOWN OFFICERS OF THE** | ] | |
| **EVANSVILLE POLICE DEPARTMENT** | ] | |
| **And THE CITY OF EVANSVILLE,** | ] | |
| **Defendants.** | ] | |

**COMPLAINT FOR DEPRIVATION**
**OF CIVIL RIGHTS BY STATE LAW ENFORCEMENT**
**AGENCY AND RELATED STATE LAW CLAIMS**

**COMES NOW** the Plaintiffs, DENNIS BURRIS, KAREN BURRIS, and DONIECIA BURRIS, (hereinafter "PLAINTIFFS"), by counsel, John Andrew Goodridge, Esq., and in this Complaint for Deprivation of Civil Rights by State Law Enforcement Agency and Related State Law Claims alleges and states to the honorable Court as follows:

**OVERVIEW OF CASE AND CONTROVERSY**

PLAINTIFFS bring this action against the UNKNOWN OFFICERS of the EVANSVILLE POLICE DEPARTMENT, in their official capacities as well as the CITY OF EVANSVILLE for damages arising out of the unwarranted and unreasonable search of their home and belongings, effectuated without a warrant, and conducted without legal cause or justification on or about the 18th day of July, 2018.

1

## JURISDICTION

1.      PLAINTIFFS bring this action against the Defendants to redress the

deprivation of the well-established rights secured to the PLAINTIFFS by the Fourth

Amendment and Fourteenth Amendment to the Constitution of the United States of

America, 42 U.S.C. §1983, and the common law.

The Fourth Amendment of the United States Constitution states, in pertinent part:

The right of the people to be secure in their persons, houses, papers, and
effects, against unreasonable searches and seizures, shall not be violated,
and no Warrants shall issue except on probable cause, supported by Oath
or affirmation, and particularly describing the place to be searched and the
persons or things to be seized.

U.S. Const., Amend. IV.

2.      PLAINTIFFS are citizens of the State of Indiana or a political subdivision

thereof; and, the Plaintiffs are residents of Vanderburgh County, State of Indiana.  The

matter in controversy does not exceed the sum of $50,000.00, exclusive of interest and

costs.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331,

1332, and 1343(a)(3), and 42 U.S.C. §1983.

4.      Venue is proper in the district pursuant to 28 U.S.C. §1391.

**PARTIES**

5.      PLAINTIFFS are citizens of the City of Evansville, County of

Vanderburgh, State od Indiana residing at 604 E. Chandler Ave., Evansville, Indiana

47713

6.      Defendant, CITY OF EVANSVILLE, is a governmental entity charged

with the responsibility of operating the Evansville Police Department.

7.      Defendant, UNKNOWN OFFICERS of the EVANSVILLE POLICE

DEPARTMENT, are the law enforcement officers of the City of Evansville, Indiana; and,

the Evansville Police Department is responsible for the maintenance and operation of the

unknown officers of the Evansville Police Department.

**FACTS**

8.      On July 18, 2018, PLAINTIFFS were the tenants the real property located at or about 604 E. Chandler Avenue in the City of Evansville, County of Vanderburgh, State of Indiana (hereinafter "Chandler Avenue Property").

9.      On July 18, 2018, at approximately 1000 hours, the Defendant, UNKNOWN OFFICERS of the Evansville Police Department responded to a report of shots fired in the 600 block of East Chandler Avenue in the City of Evansville.

10.      The UNKNOWN OFFICERS of the Evansville Police Department, along with the Special Weapons And Tactics Unit (hereinafter "SWAT Unit"), surrounded the Chandler Avenue Property.

11.      UNKNOWN OFFICERS of the Evansville Police Department and SWAT Unit knocked on the door of the Chandler Avenue Property, and the PLAINTIFF, Doniecia Burris answered.

12.      The UNKNOWN OFFICERS of the Evansville Police Department asked the PLAINTIFF, Doniecia Burris, who was in the house and Doniecia stated it was just herself, brothers, and sisters. PLAINTIFF, Doniecia Burris, specifically informed offices no one else was inside the residence.

13.      The PLAINTIFF, Doniecia Burris, then asked the UNKNOWN OFFICERS of the Evansville Police Department and SWAT Unit what was going on and the UNKNOWN OFFICERS refused to give her any information, and stated that they needed everybody out of the residence located at the Chandler Avenue Property.

14.     The PLAINTIFF, Doniecia Burris, told the UNKNOWN OFFICERS of the Evansville Police Department and the SWAT Unit that they could not go inside the residence of the Chandler Avenue Property without a search warrant.

15.     The UNKNOWN OFFICERS of the Evansville Police Department and the SWAT Unit entered the Chandler Avenue Property without a search warrant and any individuals still in the Chandler Avenue Property were escorted out. A minor child was escorted out in handcuffs by the UNKNOWN OFFICERS of the Evansville Police Department.

16.     Once everybody was out of the Chandler Avenue Property, the UNKNOWN OFFICERS of the Evansville Police Department and SWAT unit went searching through the Chandler Avenue Property.

17.     The UNKNOWN OFFICERS then opened the basement door of the Chandler Avenue Property and yelled "if anybody is down there we need you to come up now".

18.     Shortly thereafter, an UNKNOWN OFFICER of the Evansville Police Department yelled "shots fired" as if somebody in the basement had fired a gun. This was not true,

19.     The UNKNOWN OFFICERS of the Evansville Police Department were trying to locate Paris Cornell and Jahkie Mitchell who were involved in an early morning shooting on the 1000 block of Washington Avenue on July 18, 2018.

20.     The UNKOWN OFFICERS of the Evansville Police Department mistakenly and falsely believed that Mr. Cornell and Mr. Mitchell were inside the Chandler Avenue Property, these two (2) suspects had already been apprehended even

before the UNKNOWN OFFICERS of the Evansville Police Department and SWAT Unit had searched the Chandler Avenue Property.

21.     The UNKNOWN OFFICERS of the Evansville Police Department and SWAT Unit shot smoke bombs into the Chandler Avenue Property and busted the windows of the Chandler Avenue Property.

22.     On July 18, 2018 at around 1600 hours, the UNKOWN OFFICERS of the Evansville Police Department returned to the PLAINTIFFS residence once more, but this time they had a Search Warrant.

23.     During the above-described search of the Chandler Avenue Property, UNKNOWN OFFICERS of the Evansville Police Department searched, destroyed, and damaged the Chandler Avenue Property.

24.     This action is to recover the damages to the PLAINTIFF'S property, real and personal.

25.     All of these actions conducted by UNKNOWN OFFICERS of the Evansville Police Department were conducted in violation of the rights secured to the PLAINTIFFS by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

## COUNT I

VIOLATION OF CONSTITUTIONAL RIGHTS

UNKNOWN OFFICERS of the EVANSVILLE POLICE DEPARTMENT

(Plaintiff's Claim for Compensatory Damages and Exemplary Damages)

26.     PLAINTIFFS incorporate herein by reference the allegations contained in rhetorical paragraphs numbered 1 through 25 above.

27.     There was in full force and effect in the United States of America the following provisions of the Constitution of the United States of America at the time of the complained of incident, to wit:

### Constitution of the United States

**Amendment IV:.**

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue except on probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

U.S. Const., Amend. IV.

and

**Amendment XIV:**

. . . nor shall any State deprive any person of life, liberty, or property, without due process of law . . .

and

**42 U.S.C. §1983; Civil action for deprivation of rights:**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

28.     The conduct of the Defendants, UNKNOWN OFFICERS of the Evansville Police Department and SWAT Unit, was done under color of state law, custom, policy, practice, and/or usage.

29.     PLAINTIFFS had a federally-protected right, under the Fourth Amendment of the United States Constitution., not to be subjected to the unreasonable search of their home and personal property.

30.     The actions of the UNKNOWN OFFICERS of the Evansville Police Department and SWAT Unit in searching PLAINTIFFS' home were done under color of state law, custom, policy, practice, and/or usage, were not substantiated by either reasonable suspicion or probable cause, was executed without a lawful warrant authorizing the search, consent was not given, was done with actual malice and with willful and wanton indifference to and with deliberate disregard for the constitutional rights of PLAINTIFFS, and was violative of PLAINTIFFS' constitutional rights secured to the PLAINTIFFS by the Fourth and Fourteenth Amendments of the Constitution of the United States of America as well as 42 U.S.C. §1983.

31.     As a proximate result of the acts of the UNKNOWN OFFICERS of the Evansville Police Department and SWAT Unit and the deprivation of PLAINTIFFS' above-stated rights, the PLAINTIFFS have suffered injury and are entitled to recover compensatory damages.

## COUNT II

### VIOLATION OF CONSTITUTIONAL RIGHTS
### -- POLICY AND PRACTICE –

### CITY OF EVANSVILLE

(Plaintiff's Claim for Compensatory Damages and Exemplary Damages)

32.     PLAINTIFFS incorporate herein by reference the allegations contained in rhetorical paragraphs numbered 1 through 31 above.

33.     The deliberate indifference of the UNKNOWN OFFICERS of the Evansville Police Department, resulting from a commonly accepted custom, policy and practice of the CITY OF EVANSVILLE, and at all times material to this complaint, Defendant, CITY OF EVANSVILLE, had in effect *de facto* customs, policies, practices, and usages which were applied to the unreasonable search of the PLAINTIFFS home in this case.

34.     For the purposes of the search of PLAINTIFFS' home, it was the *de facto* custom, policy, procedure, and usage of the Defendants, CITY OF EVANSVILLE, to approve, acquiesce, utilize, condone, and ratify unreasonable searches in violation of the rights secured to the PLAINTIFFS by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

35.     The custom, policy, procedure, and/or usage of approving, acquiescing in, condoning, and/or ratifying unreasonable searches in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America was a deliberate choice by the Defendant, CITY OF EVANSVILLE, by and through its agents and employees.

36.     Pursuant to the custom, policy, procedure, and/or usage of the Defendant, CITY OF EVANSVILLE, approving, acquiescing in, and/or ratifying the use of unreasonable searches in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, no disciplinary action was taken any of the above-named Defendant law enforcement officers of the Evansville Police Department.

37.     These customs, policies, procedures, and/or usages were maintained with deliberate, reckless, and callous indifference and disregard for the constitutional rights of

PLAINTIFFS; and, these customs, policies, procedures, and/or usages were the proximate cause of the deprivation of PLAINTIFFS' Fourth and Fourteenth Amendment rights under the Constitution of the United States of American and losses suffered by PLAINTIFFS as a direct and proximate result thereof.

38.    Defendant, CITY OF EVANSVILLE, is liable.

---

## PRAYER

---

**WHEREFORE**, PLAINTIFFS requests that this honorable Court enter judgment against the Defendants and award PLAINTIFFS not less than the sum of $15,000.00 in compensatory damages and $2,000.00 in exemplary damages resulting from the conduct complained of hereinabove as well as to award any and all other and additional relief this Court may deem just and proper in the circumstances.

Respectfully submitted,

*/s/ John Andrew Goodridge, Esq.*
John Andrew Goodridge, Esq.    IN Atty.: 19359-65
**ATTORNEY AT LAW**
1925 West Franklin Street
Evansville, Indiana 47712
Telephone:    812-423-5535
Facsimile:    812-423-7370
Email: jagoodridge@jaglo.com

## JURY DEMAND

PLAINTIFFS respectfully requests trial by jury.

Respectfully submitted,


*/s/ John Andrew Goodridge, Esq.*
John Andrew Goodridge, Esq.    IN Atty.: 19359-65
**ATTORNEY AT LAW**
1925 West Franklin Street
Evansville, Indiana 47712
Telephone:    812-423-5535
Facsimile:     812-423-7370
Email: jagoodridge@jaglo.com